IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re** | : | Chapter 7 |
| **THOMAS MERKEL, JR.** | : | |
| Debtor. | : | Case No. 08-14575(JKF) |
| _____ | | |
| | : | |
| **TERRY P. DERSHAW, TRUSTEE,** | : | |
| Plaintiff, | : | |
| v. | | |
| **THOMAS MERKEL, JR.,** | : | |
| **KEVIN MERKEL AND** | | Adversary No. 08-307(ELF) |
| **GLORIA PERONACE,** | : | |
| Defendants. | : | |
| _____ | | |

# ORDER

**AND NOW**, upon consideration of the Motion for Summary Judgment ("the Motion") filed by Plaintiff Terry P. Dershaw, Trustee ("the Trustee") and the Defendants' Response thereto, it is hereby **ORDERED** that the Motion is **DENIED** on the ground that there are disputed issues of material fact.[1]

---

[1] In the Complaint, the Trustee appears to have requested relief under both 11 U.S.C. §548(a)(1)(A) and §548(a)(1)(B). Compare Complaint ¶12 with id. ¶14. The Trustee bears the burden of proof under both claims. See In re Fruehauf Trailer Corp. 444 F.3d 203 (3d Cir. 2006).

As I read the Motion and supporting filings, the Trustee sought summary judgment only on the §548(a)(1)(A) claim. See Trustee's Memorandum of Law at 3-5. A §548(a)(1)(A) claim requires proof of an actual intent to hinder, delay or defraud creditors. See, e.g., In re Pennsylvania Gear Corp., 2008

(continued...)

Case 08-00307-elf    Doc 37    Filed 10/14/09    Entered 10/14/09 17:20:13    Desc Main
Document    Page 2 of 2

Date: **October 14, 2009**  
_____  
**ERIC L. FRANK**  
**U.S. BANKRUPTCY JUDGE**

---

[1](...continued)

WL 2370169, at *9-10 (Bankr. E.D. Pa. Apr. 22, 2008); In re C.F. Foods, L.P., 280 B.R. 103 (Bankr. E.D. Pa. July 3, 2002).

     In his Motion, the Trustee refers to certain undisputed facts and asserts that consideration of the traditional badges of fraud suffice to establish the requisite fraudulent intent. See generally Pennsylvania Gear, 2008 WL 2370169, at *9 (because individuals are rarely willing to admit intent, actual fraud is rarely proven by direct evidence, but rather by circumstantial evidence and reference to certain "badges of fraud" have been identified as relevant). However, regardless of whether the Trustee's evidence permits the court to draw the factual inference suggested, the Defendants have come forward with evidence that the transfers at issue constituted the Debtor's partial payment of a pre-existing debt. If accepted at trial, this evidence would tend to negate the inference of fraudulent intent. Therefore, there are disputed issues of material fact.

2